IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN | : | CIVIL ACTION |
| FINANCIAL SERVICES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-CV-5162 |
| | : | |
| SWISS REINSURANCE | : | |
| AMERICA CORPORATION, | : | |
| | : | |
| Defendant. | : | |

## ANSWER TO COMPLAINT

COMES NOW Defendant, SWISS REINSURANCE AMERICA CORPORATION ("SWISS RE"), a New York corporation, in answer to the Complaint of DE LAGE LANDEN FINANCIAL SERVICES, INC. ("Plaintiff") on file herein, admits, denies and alleges as follows:

1.      Answering Paragraph 1 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

2.      Answering Paragraph 2 of the Complaint, on information and belief, SWISS RE admits the allegations contained therein.

3.      Answering Paragraph 3 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

-1-

4.      Answering Paragraph 4 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

5.      Answering Paragraph 5 of the Complaint, SWISS RE is informed and believes that Amwest was an insurance company licensed to issue surety bonds and property and casualty insurance polices whose principal place of business was in Calabasas, California.  SWISS RE is also informed and believes that Amwest is currently in liquidation under the law of the State of Nebraska.

6.      Answering Paragraph 6 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

7.      Answering Paragraph 7 of the Complaint, upon information and belief, SWISS RE  admits the allegations contained therein.

8.      Answering Paragraph 8 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

9.      Answering Paragraph 9 of the Complaint SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

-2-

10.     Answering Paragraph 10 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

11.     Answering Paragraph 11 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

12.     Answering Paragraph 12 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

13.     Answering Paragraph 13 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

14.     Answering Paragraph 14 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

15.     Answering Paragraph 15 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and,

basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

16.     Answering Paragraph 16 of the Complaint, SWISS RE admits that SWISS RE and Amwest, as co-sureties, issued a Lease Bond bearing Bond No. 125002362 in the amount of $582,156.00 and that Bond No. 125002362 identifies CTI as principal and Union Bank as obligee.  Except as affirmatively set forth above, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

17.     Answering Paragraph 17 of the Complaint, SWISS RE admits that SWISS RE and Amwest, as co-sureties, issued a Lease Bond bearing Bond No. 125002364 in the amount of $465,337.00 and that Bond. No. 125002364 identifies CTI as principal and Union Bank as obligee.  Except as affirmatively set forth above, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

18.     Answering Paragraph 18 of the Complaint, on information and belief, SWISS RE alleges that Bond Nos. 125002362 and 125002364 speak for themselves.  Except as affirmatively set forth above, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

19.     Answering Paragraph 19 of the Complaint, SWISS RE admits that CTI filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code and that CTI's case is currently pending in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, under case number 01-14633.  Except as affirmatively set forth above, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and

specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

20.    Answering Paragraph 20 of the Complaint, SWISS RE alleges that the subject leases speak for themselves.   Except as affirmatively set forth above, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

21.    Answering Paragraph 21 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

22.    Answering Paragraph 22 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

23.    Answering Paragraph 23 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.  SWISS RE further denies generally and specifically that the Plaintiff is owed the amount alleged in Paragraph 23 and that the Plaintiff is owed any amount whatsoever.

24.    Answering Paragraph 24 of the Complaint, on information and belief, SWISS RE admits the allegations contained therein.

25.    Answering Paragraph 25 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

26.    Answering Paragraph 26 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

27.    Answering Paragraph 27 of the Complaint, SWISS RE admits that CTI filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.  Except as affirmatively set forth above, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

28.    Answering Paragraph 28 of the Complaint, SWISS RE admits that the Plaintiff filed a Motion for Relief from the Automatic Stay with the United States Bankruptcy Court for the Northern District of Illinois.  Except as affirmatively set forth above, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.  SWISS RE further denies generally and specifically that the Plaintiff has any claims against SWISS RE or has the right or standing to assert claims, if any, whatsoever against SWISS RE under Bond Nos. 125002362 and 125002364.

29.    Answering Paragraph 29 of the Complaint, SWISS RE alleges that the consent order speaks for itself.  Except as affirmatively set forth above, SWISS RE denies generally and

specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein. SWISS RE further denies generally and specifically that the Plaintiff has any claims against SWISS RE or has the right or standing to assert claims, if any, whatsoever against SWISS RE under the bonds.

30.    Answering Paragraph 30 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

31.    Answering Paragraph 31 of the Complaint, on information and belief, SWISS RE alleges that Bond Nos. 125002362 and 125002364 speak for themselves. Except as affirmatively set forth above, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

32.    Answering Paragraph 32 of the Complaint, SWISS RE admits that the Plaintiff provided an affidavit to SWISS RE; the affidavit speaks for itself. Except as affirmatively set forth above, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every remaining allegation contained therein.

33.    Answering Paragraph 33 to the Complaint, SWISS RE denies generally and specifically in the conjunctive and disjunctive, each and every allegation contained therein. SWISS RE further denies generally and specifically that the Plaintiff has any claims against SWISS RE or has the right or standing to assert claims, if any, whatsoever against SWISS RE under Bond Nos. 125002362 and 125002364.

## COUNT ONE - BREACH OF CONTRACT

34.    Answering Paragraph 34 of the Complaint, SWISS RE realleges and incorporates by reference its answers to Paragraphs 1 through 33, as though fully set forth herein.

35.    Answering Paragraph 35 of the Complaint, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

36.    Answering Paragraph 36 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

37.    Answering Paragraph 37 of the Complaint, on information and belief, SWISS RE admits that the Plaintiff notified SWISS RE of the purported events of default by CTI and that the Plaintiff has made demand upon SWISS RE for payment.  Except as affirmatively set forth above, SWISS RE denies generally and specifically, in the conjunctive and disjunctive each and every remaining allegation contained therein.   SWISS RE further denies generally and specifically that the Plaintiff has any claims against SWISS RE whatsoever or has the right or standing to assert claims, if any, whatsoever against SWISS RE.

38.    Answering Paragraph 38 of the Complaint, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

39.    Answering Paragraph 39 of the Complaint, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein. SWISS RE further denies generally and specifically that the Plaintiff is owed the amount alleged in Paragraph 39 and that the Plaintiff is owed any amount whatsoever.  SWISS RE further denies generally and specifically that SWISS RE is obligated to pay the Plaintiff the amounts alleged in

Paragraph 39 or any amounts whatsoever. SWISS RE further denies generally and specifically that the Plaintiff has the right or standing to assert any claims against SWISS RE.

40. Answering Paragraph 40 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

WHEREFORE, SWISS RE prays for judgment as hereinafter set forth.

## COUNT TWO - BREACH OF CONTRACT

41. Answering Paragraph 41 of the Complaint, SWISS RE realleges and incorporates by reference its answers to Paragraphs 1 through 40, as though fully set forth herein.

42. Answering Paragraph 42 of the Complaint, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

43. Answering Paragraph 43 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

44. Answering Paragraph 44 of the Complaint, on information and belief, SWISS RE admits that the Plaintiff notified SWISS RE of the purported events of default by CTI and that the Plaintiff has made demand upon SWISS RE for payment. Except as affirmatively set forth above, SWISS RE denies generally and specifically, in the conjunctive and disjunctive each and every remaining allegation contained therein. SWISS RE further denies generally and specifically that the Plaintiff has any claims against SWISS RE whatsoever or has the right or standing to assert claims, if any, whatsoever against SWISS RE.

45.     Answering Paragraph 45 of the Complaint, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

46.     Answering Paragraph 46 of the Complaint, SWISS RE denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein. SWISS RE further denies generally and specifically that the Plaintiff is owed the amount alleged in Paragraph 46 and that the Plaintiff is owed any amount whatsoever. SWISS RE further denies generally and specifically that SWISS RE is obligated to pay the Plaintiff the amounts alleged in Paragraph 46 or any amounts whatsoever. SWISS RE further denies generally and specifically that the Plaintiff has the right or standing to assert any claims against SWISS RE.

47.     Answering Paragraph 47 of the Complaint, SWISS RE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, basing its denial on that ground, denies generally and specifically, in the conjunctive and disjunctive, each and every allegation contained therein.

WHEREFORE, SWISS RE prays for judgment as hereinafter set forth.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     As and for a First Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Complaint fails to state a claim against SWISS RE upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     As and for a Second Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that if the Plaintiff sustained any damage as a result of the transactions at issue herein, such damages were caused and contributed to by the Plaintiff's

conduct by failing to use reasonable care for protection of the Plaintiff's own interest and that such conduct constitutes a bar to the Plaintiff's recovery.

### THIRD AFFIRMATIVE DEFENSE

3.      As and for a Third Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff failed, neglected, and refused to mitigate the damages alleged and therefore is barred from recovery.  SWISS RE is informed and believes and thereon alleges that if the Plaintiff had undertaken to mitigate these damages, then the Plaintiff would have suffered no damages whatsoever or significantly less damages that it may have suffered.

### FOURTH AFFIRMATIVE DEFENSE

4.      As and for a Fourth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon said conduct referred to in the Complaint, and all purported damages alleged to be related thereto and proximately caused thereby.

### FIFTH AFFIRMATIVE DEFENSE

5.      As and for a Fifth Affirmative Defense to the Complaint and each count therein, SWISS RE is informed and believes and thereon alleges that the Complaint herein, and each and every purported count contained herein, is barred by reason of facts, omissions, representations, and

courses of conduct by the Plaintiff upon which SWISS RE was led to rely to its detriment, thereby barring under the Doctrine of Equitable Estoppel the Complaint and each count therein.

## SIXTH AFFIRMATIVE DEFENSE

6.      As and for a Sixth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff's claims fail because, as surety to its principal, SWISS RE is subrogated to its principal's rights and that SWISS RE's rights in the assets and collateral of its principal or third parties, to which Plaintiff asserts a claim, are superior to that of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

7.      As and for an Seventh Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Complaint is barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

8.      As and for a Eighth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Complaint and each count therein is barred by the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

9.      As and for a Ninth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that Plaintiff has waived any right it may have had to bring the Complaint and each count against SWISS RE intentionally or by virtue of its conduct and direct dealings when it, among other things, failed to notify and failed to substantiate and/or provide to SWISS RE any evidence or proof whatsoever of its assignment from Union Bank under the alleged Master Financing Agreement referred to in paragraph 21 of the Complaint. Therefore, by virtue of its conduct and direct dealings with SWISS RE, the Plaintiff has failed to illustrate its claim or alleged interests under the Bonds.

## TENTH AFFIRMATIVE DEFENSE

10.    As and for a Tenth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that Plaintiff knowingly, intentionally, and voluntarily waived, either expressly or implicitly, the counts and claims for relief alleged in the Complaint against SWISS RE.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    As and for an Eleventh Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that third party individuals and entities willfully, or by want of ordinary care, proximately caused or contributed to the damages sustained by the Plaintiff, if any.  Accordingly, any damages to which the Plaintiff might be entitled should be apportioned by the amount of fault attributable to such third parties.

## TWELFTH AFFIRMATIVE DEFENSE

12.    As and for a Twelfth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff is barred from recovering damages, if any, because the Complaint is premature and should be abated.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    As and for a Thirteenth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Complaint is barred by virtue of Plaintiff's unclean hands. As a result, the Plaintiff is not entitled to recover damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    As for an Fourteenth Affirmative Defense to the Complaint and to each count therein, SWISS RE alleges that the Plaintiff would be unjustly enriched if it recovered any sums alleged to be due and owing in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    As and for a Fifteenth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Complaint and each count therein are barred to the extent, in whole or in part, SWISS RE lacked a duty to the Plaintiff relating to the conduct, matter and events alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    As and for an Sixteenth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff breached its contracts, if any, with Union Bank, Tokai Financial Services, CTI, Amwest and/or SWISS RE, which breaches are material and discharge any right the Plaintiff may have to recover against SWISS RE.  Additionally, and without limitation, SWISS RE alleges that, to the extent the Complaint and each count therein against SWISS RE derive in whole or part on the basis of Union Bank's alleged assignments of claims or rights to the Plaintiff, Union Bank has materially breached its agreements with SWISS RE, such that the claims and rights allegedly assigned to the Plaintiff have been extinguished and discharged due to said breaches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    As and for an Seventeenth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that, as a matter of law, it is entitled to exoneration and/or reimbursement from its principal under the bonds respecting the recovery herein, if any, by the Plaintiff against this party.  Further, SWISS RE alleges that it is entitled to take an offset for those sums recovered by the Plaintiff from its unauthorized sale of certain equipment leased to CTI, which sales are referenced in Paragraphs 40 and 46 of the Complaint.

-14-

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As and for a Eighteenth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that if it is determined that any defendant has failed to perform one or more of its obligations under any contract or agreement described in the Complaint, performance of each obligation was excused due to impossibility or impracticability in each instance.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    As and for a Nineteenth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff's Complaint and each count stated therein, is barred in whole or in part by the principles of res judicata, collateral estoppel and/or retraxit.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    As and for a Twentieth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff's claims for damages are not sufficiently related to, or arise out of, acts or omissions which are covered by SWISS RE's bonds and that the Plaintiff lacks standing or legal right to assert any other claim against SWISS RE.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    As and for a Twenty-First Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that Plaintiff's claims against SWISS RE are barred by the Plaintiff's own failure to perform the obligations required by its contracts and/or its failure to satisfy some or all of the conditions precedent, concurrent or subsequent, so as to excuse any and all liability, if any, to the Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    As and for a Twenty-Second Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the contracts and claims, if any, upon which the Plaintiff's

claims are based have been fully and duly performed, satisfied, and discharged. SWISS RE further alleges upon information and belief that the Plaintiff agreed to accept, and did in fact accept, something different or less than that to which they claimed they are entitled to and thereby extinguished their original claim, and are thus barred from any recovery hereunder by the doctrine of release, accord, satisfaction, ratification, and/or novation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    As and for a Twenty-Third Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff failed to comply with all notice requirements with respect to claims against SWISS RE. SWISS RE further alleges that the Plaintiff failed to notify and failed to substantiate and/or provide to SWISS RE any evidence or proof whatsoever of its assignment from Union Bank under the alleged Master Financing Agreement referred to in paragraph 21 of the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    As and for a Twenty-Fourth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff's Complaint and each count therein, is barred by the statute of frauds under the applicable Pennsylvania statutes, including 13 P.a. C.S.A., section 2A201, among others.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    As and for a Twenty-Fifth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff breached its duties of good faith and fair dealing to SWISS RE by, inter alia, asserting wrongful rights adverse to SWISS RE's subrogation and assignment rights in connection with the Bonds.

-16-

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    As and for a Twenty-Sixth Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that it is entitled to assert all defenses of the bond principal that may be applicable. SWISS RE hereby incorporates by this reference any and all such defenses to the Complaint that are or may be asserted by its principal.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    As and for a Twenty-Seventh Affirmative Defense to the Complaint and each count therein, SWISS RE alleges that the Plaintiff has no standing upon which to pursue recovery from SWISS RE.

WHEREFORE, SWISS RE having answered the Complaint in full, prays for judgment as follows:

1.    That the Plaintiff take nothing by reason of the Complaint;

2.    That the Complaint be dismissed with prejudice in its entirety;

3.    That SWISS RE be awarded its reasonable attorneys' fees, expenses and cost of suit incurred herein; and

4.    For such other and further relief as this Court may deem just and proper.

STRADLEY, RONON, STEVENS &
YOUNG, LLP

BY: _____

Samuel J. Arena, Jr. (I.D. No. 38661)
Andrew W. Boczkowski (I.D. No. 83252)
2600 One Commerce Square
Philadelphia, Pennsylvania 19103
(215) 564-8000

Attorneys for Defendant
Swiss Reinsurance America Corporation

## CERTIFICATE OF SERVICE

I, Andrew W. Boczkowski, Esquire, hereby certify that on the 10th day of September, 2002, I caused a true and correct copy of the attached Answer to Complaint to be served by United States first-class mail, postage prepaid, upon the following:

> Peter J. Deeb, Esquire
> Frey, Petrakis, Deeb & Blum, P.C.
> 1601 Market Street, 6th Floor
> Philadelphia, PA 19103

Andrew W. Boczkowski